THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

November 8, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-536

Re: Construction of interagency
contract between the Texas
Department of Mental Health
and Mental Retardation and
the State Building Commission.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"I am enclosing an account payable to
the State Building Commission in the amount
of $1,395.94, incurred under an interagency
contract with the Texas Department of Mental
Health and Mental Retardation. A copy of the
interagency agreement is attached.

"You will please advise if accounts incur-
red under this contract would be legal charges
against the following appropriation made to the
Department of Mental Health and Mental Retarda-
tion which is found on page 21, Item 24, Article
II of House Bill #12, Acts of the 59th Legisla-
ture.

"'Salaries of Classified Positions (exclud-
ing Legal and Claims Division).......... $334,506.00'

"A breakdown of the account shows that the
amount of the claim, $1,395.94, is to be deposit-
ed in the appropriation to the Building Commission
in the following manner. 'Professional fees and
services', $1,142.00, 'Travel expense', $253.94.
Both appropriation accounts being itemized appro-
priations of the Building Commission.

"If your answer to the above question is in
the negative, would payments under the contract be

governed by this provision which is found on Page 27 of the Appropriation Bill and reads as follows:

"'Said Department (Department of Mental Health and Mental Retardation) is authorized to pay from the respective items under the State Hospitals and Special Schools Building Program the salary and travel of construction project inspectors and the salaries of mechanics and laborers as may be required. Such construction project inspectors may be employed under the titles of Clerk of the Works I (9096) and Clerk of the Works II (9097).'

"If you advise that the account is payable out of the classified salary appropriation, could the proceeds be deposited in the manner requested or must the deposits be a reimbursement to the appropriation out of which the employees were paid?"

Subdivisions (A), (B), (E) and (G) of Section 5 of House Bill 37, Acts of the 59th Legislature, Regular Session, 1965, Chapter 455, page 926, compiled in Vernon's as Article 678f, Vernon's Civil Statutes, and known as the State Building Construction Administration Act, provide as follows:

"(A) The State Building Commission is hereby designated as the administering agency and shall exercise the powers and duties conferred upon it by this Act in addition to all powers, duties and responsibilities previously conferred upon it by Acts of the 54th Legislature, Regular Session, 1955, Chapter 514, as amended (compiled as Article 678m, Vernon's Annotated Civil Statutes), and the provisions of such Act, as amended, shall apply where pertinent to all construction under the provisions of this Act. The Commission shall be the coordinating authority for the construction of any multiagency State office buildings which the Legislature may, from time to time, authorize.

"(B) The Commission shall, subject to the provisions of the Appropriation Act and such General Laws as may apply, employ professional, technical and clerical personnel. In selecting such personnel, the Commission shall give first preference to persons currently employed in the Engineering Section of the

State Board of Control and in the Design and Construction Division of the Board for Texas State Hospitals and Special Schools."

"(E)  The operating expenses of the State Building Commission shall, unless otherwise specified by the Legislature, be paid from appropriations made out of the State Building Fund.  The State Building Fund shall be reimbursed for such expenditures from the funds appropriated by the Legislature for projects supervised by the Commission.  In order that each project shall bear its fair and proper share of the Commission's expenses, the Commission shall institute and maintain a cost accounting system which shall be devised by the State Auditor as soon after the effective date of this Act as possible."

"(G)  On or before the first working day of the fiscal year beginning September 1, 1965, all files, records, equipment, furnishings and personal property of all kinds heretofore used by the Engineering Section of the Building Engineering and Management Division of the State Board of Control and by the Design and Construction Division of the Board  for Texas State Hospitals and Special Schools shall be transferred to the Commission.  The Commission shall agree with the State Board of Control and with the Board for Texas State Hospitals and Special Schools on the personal property to be transferred and shall evidence such agreement in a written inventory to be signed by representatives of the Commission and the respective Boards.  The agreement when so signed shall be full authority (1) for the Commission to transfer the personal property listed thereon to its control and (2)  for the Comptroller of Public Accounts to enter any inventoried items on the property inventory records of the Commission and to delete the same items from the property inventory records of the State Board of Control and of the Board for Texas State Hospitals and Special Schools."

Subdivision (D) of Section 7 of House Bill 37, provides:

"(D)   There is hereby appropriated out of the General Revenue Fund to the State Building Commission for the implementation of the 'Building Construction Administration Act' for an Archaeologist the sum of Twelve Thousand Dollars ($12,000) each fiscal year, four Project Analysts (not to exceed $12,000) the sum of Forty-four Thousand Dollars ($44,000) each fiscal year. Salaries of Classified Positions the sum of One Hundred Thousand Dollars ($100,000) each fiscal year, Professional Fees and Services, Fifteen Thousand Dollars ($15,000) each fiscal year and unexpended balances of the first year of the biennium, Travel Expenses, Fifteen Thousand Dollars ($15,000) each fiscal year and unexpended balances of the first year of the biennium, Other Operating Expenses, Fifty Thousand Dollars ($50,000) each fiscal year and unexpended balances of the first year of the biennium.  The combined sum for the biennium from the General Revenue Fund shall be Four Hundred Seventy-two Thousand Dollars ($472,000)."

Pursuant to the authority vested in the State Building Commission by the provisions of Section 5 of House Bill 37, Acts of the 59th Legislature, Regular Session, 1965, and the provisions of Article 678m, Vernon's Civil Statutes (See Attorney General's Opinion WW-1120 (1961)), the State Building Commission and the Department of Mental Health and Mental Retardation, successor to the Board for Texas State Hospitals and Special Schools, entered into a contract whereby reimbursement was to be made to the State Building Commission for services rendered on construction projects previously entered into by the Board for Texas State Hospitals and Special Schools.

It is noted that the appropriation to the Department of Mental Health and Mental Retardation contained certain classified positions now under the jurisdiction of the State Building Commission by virtue of the provisions of House Bill 37 of the 59th Legislature.  Since House Bill 37 specifically provided for reimbursement to the State Building Commission for expenditures for projects now supervised by the Commission, it was necessary to enter into the contract in question in order to assure that the projects under construction would continue to have qualified supervision.  The contract provides as follows:

"Pursuant to authority provided in Chapter 514, Acts, Fifty-fourth Legislature, Regular

Session, and Attorney General's Opinion No. WW-1120, 1961, this agreement is entered into by the State Building Commission, acting through its Executive Director, and the Department of Mental Health and Mental Retardation, acting through its Acting Commissioner.

"WHEREAS, proper and workmanlike construction is required in all structures erected by the State of Texas; and

"WHEREAS, economical, proper and workman-like construction can best be insured by qualified supervision during the construction phase; and

"WHEREAS, the Department of Mental Health and Mental Retardation has current construction projects on which continuing qualified supervision is required, and on which Clerks of the Works are presently employed;

"Now, Therefore, it is agreed by and between the parties hereto that effective September 1, 1965 the Department of Mental Health and Mental Retardation agrees to reimburse the State Building Commission for these services for the fiscal year beginning September 1, 1965 in the maximum amount of Sixteen Thousand One Hundred Fifty-two and 00/100 Dollars ($16,152.00).

"THIS AGREEMENT shall continue on a month to month basis, in whole or in part, and may be terminated by the mutual consent of both parties.

"IN WITNESS WHEREOF the covenant herein described is made this 1st day of September, 1965."

You are therefore advised that the account payable to the State Building Commission, incurred under the interagency contract with the Texas Department of Mental Health and Mental Retardation is a legal charge against the appropriation in House Bill No. 12 for "Salaries of Classified Positions (excluding Legal and Claims Division)" and the proceeds can be deposited in the following itemized appropriations to the Building Commission: "Professional fees and services" and "Travel expense."

## S U M M A R Y

The account payable to the State Building Commission, incurred under the interagency contract with the Texas Department of Mental Health and Mental Retardation is a legal charge against the appropriation in House Bill No. 12 for "Salaries of Classified Positions (excluding Legal and Claims Division)" and the proceeds can be deposited in the following itemized appropriations to the Building Commission: "Professional fees and services" and "Travel expense."

Very truly yours,

WAGGONER CARR
Attorney General

By: *John Reeves*
    John Reeves
    Assistant

JR:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Paul Phy
John Banks
Tom Routt

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright